Cody Robert Judy
Attorney Pro Se
3031 So. Ogden Ave. Suite #2
Ogden, Utah 84401
801-497-6655
FILED
S. DISTRICT COURT

2014 SEP 12 A 9: 50

DISTRICT OF UTAH

DISTRICT OF UTAH – UNITED STATES DISTRICT COURT  DEPUTY CLERK

| CODY ROBERT JUDY, | PLAINTIFF'S RESPONSE TO: |
|---|---|
| Plaintiff, | NOTICE:MOTION FOR ENTRY OF DEFAULT |
| v. | Case No. 1:14cv00093 |
| BARACK HUSSEIN OBAMA aka BARRY SOETORO, DNC, ORGANIZATION FOR ACTION et al., | JUDGE: Honorable TED STEWART |
| Defendant(s) | |

Comes Now, the Plaintiff, pro se, and respectfully submits this "PLAINTIFF'S RESPONSE TO : NOTICE: MOTION FOR ENTRY OF DEFAULT" laying out the following points of objection to the Clerk's September 8th,2014 entry NOTICE: MOTION FOR ENTRY OF DEFAULT [Document 10].

A number of claims are made by the Clerk in the NOTICE: MOTION FOR ENTRY OF DEFAULT which are mis-leading or presumptuously false; Plaintiff will address each one separately in begging the pardon of the Court to the witnesses and record of the Court in contrast to the assertions by the Clerk.

### SERVICE OF THE COMPLAINT AND 20 DAY COURT STAMPED SUMMONS PROPERLY WITNESSED

1- Clerks' Paragraph 1- "The only 'proof of service filed with the Court is a partial return of summons which does not include a copy of the summons or any indication of exactly what documents were served, i.e. the complaint.

1

a. Plaintiff's RESPONSE: This is not true. The Court has a record of a mailing the "Court Stamped Summons" to the Plaintiff after he had submitted them to the Court and the Court had stamped them for service. This happened before the Informa Pauperis motion to proceed even happened.

b. The "Return of Service" does specify what documents were served stating specifically on the Return of Service by witness under penalty of perjury that the "Complaint" and "Summons" were served as is witnessed.

c. The WITNESS of SERVICE is indeed the meat of the SERVICE. There is no box to check, no initial to attach, absolutely nothing on a 'SUMMONS' that indicates anything from defendants. It is simply an authorized notice by the Court to deliver to the Defendant's as is properly witnessed in the "Return of Service" to the 'Court. The Stamped and authorized 20 Day Summons' specifically returned to the Plaintiff for service, might have just as easily been copied by the Court for safe keeping and in all likelihood should have been.

d. The Court does not know what gets served, that's exactly what the "Return of Service' provides the Court – in a witness of service of the Summons and Complaint.

e. The Court in a hearing on this would actually hear from three witnesses that the Complaint and Court Stamped 20 Day Summons was served. The court would hear testimony of "Lauren Littlefield" who would testify as she did in giving her name and accepting service that the documents put in her hand were indeed the Complaint and the 20 Day Summons. The court would then hear another witness – Ali Judy who provided her witness to the Court of actually serving the Summons and Complaint to "Lauren Littlefield", as is on the Court Record as "Return of Service. The Court would also hear from Plaintiff, himself, who witnessed Ali Judy serving the 20 Days Court Stamped Summons and the Complaint as his 'affidavit' to the Court is on record stating.

f. So, the Court actually has three (3) witnesses on record that indeed the Complaint and the Court Stamped 20 Day Summons were served properly. The Court also has copies of

2

the 20 Day Summons to reflect the intelligent language of the 20 Day Summons that was stamped and served to the Defendant as it should be.

g. So the sentence of the Clerks stating there is 'no indication of exactly what was served' is false before three (3) witnesses that are on court record already serving exactly that purpose. With three witnesses the Clerk can easily determine that proper service with the Complaint and a 20 Day Court Stamped Summons was in fact given to the Defendants.

h. Of course, Defendants having received the original 20 Days Court Stamped Summons and the Complaint, still had no reason not to respond based on not receiving the Complaint or the Court issued 20 Day Stamped Summons. The court not copying the Summons that was sent out has no bearing on the Return of Service witnessed and if the Court had sent out the entire original file leaving nothing on the record would that be Plaintiff's fault also? Certainly not.

i. The Court would also hear from the two clerks who received both the "Return of Summons" brought back and filed with the Clerk witnessing the told Plaintiff service was 'okay' and he did not have to 'reserve' the complaint just so the Court could copy a document they could have already copied, because that's what we are talking about here. A piece of paper that has 3 witnesses already attached and referring it on the Court record. Witnesses signing their names on the penalty of perjury are valid evidence for the Court.

### PROPER DEFENDANT(S) SERVED

1- Clerks' Paragraph 2 – "..there is no indication on the court's record to establish why service on Lauren Littlefield is valid service upon any of the defendants." And, "Personal Service on individuals cannot be made by substitute service at a place of business. Service upon corporations requires proof that the individual served is proper under Rule 4 (h) of the FRCP."

3

a. This poses quite a discriminatory political point of view as for example the Las Vegas, Nevada U.S. District Court acknowledged 'proper service' in the same manner upon Sen. John McCain and the Republican National Committee at the Republican Headquarters in Las Vegas, Nevada in <u>Judy v. McCain</u> Case No. 2:2008cv01162

b. Further, it provides exactly the kind of evidence that contributes to a violation of law alleged in the Complaint that includes the Sherman and Clayton Act referred to in the first paragraph of the complaint. One of the violations of this is indeed noticing as a particular sign of an 'illegal cartel' prohibiting competition are that the two or more corporations often are doing business out of the same building that complement each other in the monopoly.

c. The evidence of this is written in the complaint itself, which Plaintiff certainly does not hold the clerk responsible for reading entirely. Noticing on page 30 of that complaint the "DNC- democratic national committee and party" is indeed a national organization as well as is the "Organization for Action". In the political arena each state has an arm of this and the arm for Utah is cited in location on the complaint as Utah Democratic Party Headquarters 825 North, 300 West, Suite C400, Salt Lake City, Utah 84103.

d. In the complaint are officers nationally attached as well as locally attached to the complaint to encompass both organizations, and it serves as pretty common knowledge that both these organizations represent Barack Hussein Obama aka Barry Soetoro in his political party which maintains credit for his occupying the White House and Office of the President.

e. In Judy v. McCain, both the National Party/Committee and John McCain's President Campaign were sufficiently served at the same address. Moreover, the 20 Day Court Stamped Summons directs specifically "or someone who represents the party to be served acknowledging they indeed do represent a party accepting packages and contributions for the individual and organizations.

f.  If one wanted to for instance make a contribution or donation to the "Democratic National Party/Committee" or "Organization for Action" or Barack Hussein Obama aka Barry Soetoro they could do so by giving their money to Lauren Littefield who acknowledged such as being the highest ranking officer at the Utah arm of the corporations there the day that the Complaint and 20 Day court stamped summons was served upon her.

g.  So to sum this up, if a person was in Utah wanting to contribute a physical dollar bill to either "Barack Hussein Obama aka Barry Soetoro" or the DNC or the OFA, one could do so by handing that dollar to Lauren Littlefield who would write out a receipt for you. As a designated person to receive money for any of these people/corporations, she also is designated with the ability to receive the Summons and Complaint as was stated in the Return of Service with her name upon it that the Clerk did in fact notice on the Return of Service. How that was spotted, and yet the document titles "Summons" and "Complaint" were unnoticed is beyond the Plaintiff's ability to understand.

## SUMMARY

IF the COURT were to hold a HEARING and bring all the people together for a trial of the facts of service and summons the above would be the content of the Hearing which would still legally hold the Defendant(s) in Default of the court issued Summons in not responding to the complaint.

Further, because of the Complaint's allegations, response would necessarily provide evidence that would verify Plaintiff's assertions of violations of Sherman and Clayton Act. This actually provides a motive to the Court for Defendant's not making a Response to the Complaint equally as powerful as if there had been a fierce response and denial.

What can Defendant's actually say when they are busted? Whither the Court will recognize this or not is up to the Court. Motive or Intentions for not responding is a clear defense in setting aside a Default recognized by the Court and that is clear to see and the Court certainly will recognize this as responsible reasoning of the circumstances within this case and Complaint.

For the reasons and evidences supporting the Plaintiff herein, the Entry for Default could be recognized by the Clerk, and if not a HEARING indeed can be conducted in consideration of the facts and witnesses that the Motion for Default might be granted by the Court in the considerations of the witnesses who have testified under penalty of perjury in the court record.

If the power of three witnesses has no sway in the Court, then by all means the Court may dismiss the action.

Signed and submitted this _11_ day of _September_ 2014.

Cody Robert Judy pro se _[signature]_ .