IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CODY ROBERT JUDY,<br><br>                Plaintiff,<br><br>v.<br><br>BARACK HUSSEIN OBAMA a.k.a.<br>BARRY SOETORO; DEMOCRATIC<br>NATIONAL COMMITTEE; and<br>ORGANIZATION FOR ACTION et al.,<br><br>                Defendant. | MEMORANDUM DECISION AND<br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR SERVICE OF PROCESS<br><br><br>Case No. 1:14-CV-93 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion for Service of Process.[1] Plaintiff Cody Judy is proceeding pro se and in forma pauperis. Plaintiff's Complaint was filed with the Court on July 10, 2014.[2] On September 18, 2014, Plaintiff filed the instant Motion, leading the Court to now screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), a court must screen cases filed in forma pauperis and must "dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The United States Supreme Court has construed the meaning of the term "frivolous" within the context of the in forma pauperis statute, holding that "a complaint, containing as it

---

[1] Docket No. 14.
[2] Docket No. 3.

does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact."[3] The statute "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[4] Examples of baseless factual contentions are those that describe "fantastic or delusional scenarios."[5] "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."[6]

Additionally, the Tenth Circuit has provided the following guidance for evaluating whether an in forma pauperis complaint states a claim for relief:

> "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[7]
>
> We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. . . . In the Rule 12(b)(6) context, "[w]e look for plausibility in th[e] complaint." In particular, we "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Rather than adjudging whether a claim is "improbable," "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level."[8]

---

[3] *Neizke v. Williams*, 490 U.S. 319, 325 (1989).

[4] *Id.* at 327.

[5] *Id.* at 328.

[6] *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[7] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (internal quotation omitted); *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

[8] *Id.* at 1217–18 (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 & n.2 (10th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"In addition, we must construe a pro se appellant's complaint liberally." This liberal treatment is not without limits, and "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."[9]

## III.  DISCUSSION

Plaintiff's Complaint names as Defendants "Barack Hussein Obama aka Barry Soetoro – Organization for Action"; "Barack Obama – As Candidate Barack Obama also occupying the Office of the President illegally"; the Democratic National Committee ("DNC"); Mitch Stewart, Director of the DNC; Jeremy Bird, Deputy Director of the DNC; Debbie Wasserman Shultz, National Chair of the DNC; Jim Dabaki, Utah Chair of the DNC; Matt Lyon, Utah Executive Director of the DNC; Representative Nancy Pelosi; and Senator Harry Reid.

Plaintiff's suit centers on Plaintiff's allegation that President Obama is not a natural-born citizen eligible to hold the office of President of the United States. Based on this allegation, Plaintiff asserts that the DNC and President Obama's campaign conspired to defraud donors and voters which in turn injured Plaintiff's 2008 and 2012 presidential campaigns by forcing Plaintiff to compete unfairly against a candidate who allegedly fails to meet the qualifications of the office.

Plaintiff first asserts a claim under 42 U.S.C. § 1983, based on alleged violations of Plaintiff's constitutional rights. Plaintiff alleges that he was "prejudiced and discriminated against by the Defendant(s) who have in their political activity violated [Plaintiff's] rights by

---

[9] *Id.* at 1218 (quoting *Gaines v. Stenseng*, 292 F.3d at 1224 (10th Cir. 2002); *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation omitted)).

violating, mooting, or disregarding the qualifications for the Office of the President."[10] Plaintiff explains that this suit is

> an action of liability based on the Candidate Barack Hussein Obama's violation that he knew or should have known in his "Candidates Oath" put forth to the various Secretaries of States in the Union, that stated should he be elected he could meet the qualifications for the Office for which he was putting himself up for election.[11]

Plaintiff seeks only monetary relief for this claim—$40,000,000 in compensatory and punitive damages.

Second, Plaintiff asserts a claim under the Sherman Act, based on "what amounts to . . . a tying affect termed exclusive dealing arrangements."[12] Plaintiff alleges that Defendants are an "illegal cartel forming a monopoly violating anti-trust laws, based on the violations of identification fraud for the Office of the President and putting forth a candidate that they knew or should have known was not qualified for the Office."[13] Plaintiff again seeks monetary relief for this claim—$100,000,000 in statutorily defined damages. Plaintiff also seeks relief in the form of a court order initiating criminal prosecution against the Defendants for the alleged Sherman Act violations.

After carefully reviewing Plaintiff's Complaint, the Court finds that Plaintiff's suit is frivolous. Plaintiff's claims lack an arguable basis in law or fact and Plaintiff's factual allegations border on the irrational and wholly incredible. Moreover, the suit could not survive a motion to dismiss because Plaintiff's claims rest on conclusory statements rather than factual

---

[10] Docket No. 3, at 2.
[11] *Id.*
[12] *Id.* at 3.
[13] *Id.*

allegations that plausibly state a claim for relief.  Finally, most of the relief sought by Plaintiff is money damages.  Many of the defendants in this case would almost certainly be immune from such relief.  And it is not clear that the remaining defendants would not also enjoy the same immunity.  Based on the foregoing, the Court will dismiss Plaintiff's claims.

IV.  CONCLUSION

It is hereby

ORDERED that Plaintiff's Motion for Service of Process (Docket No. 14) is DENIED.  It is further

ORDERED that Plaintiff's claims against all Defendants are DISMISSED.  The Clerk of the Court is directed to close this case forthwith.

DATED this 7th day of October, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge